Hat, Judge,
delivered the opinion of the court:
The plaintiff was and now is a sailor in the United States Navy. He enlisted in the naval service on October 22, 1917. On January 1, 1918, he made an allotment of $15 per month out of his pay to Grace H. Smith, whom he declared was his wife. As a result of said allotment there was paid to the said Grace H. Smith, as the wife of the plaintiff, an allowance of $15 per month in accordance with the provisions of sections 200, 201, and 204 of the act of October 6, 1917, 40 Stat. 402, 403. This allowance was compulsory.
At the time the allotment was made by the plaintiff he believed that he was lawfully married to the said Grace H. Smith. He had married her at Port Orchard, Wash., on June 16, 1917, and lived with her as his wife from that time until some time in December, 1920. He then discovered that she had another husband to whom she had been married before she married the plaintiff. Before that time the plaintiff had no knowledge or suspicion that the said Grace H. Smith was not truly and legally his wife. He lived with her in that relationship, and that relationship continued during the entire time that the allowance was paid to her by the United States.
Upon discovering the fact that his wife had another husband living, from whom she was not divorced at the time he married her, he took immediate steps to have the marriage annulled, which was done by a decree of the superior court of San Francisco, Calif. The plaintiff also notified the proper United States authorities, and both the allotment *336 made by him and the allowance made by the United States to the said Grace H. Smith were stopped.
There was paid to the said Grace H. Smith during the time of the relationship existing between her and the plaintiff the sum of $540 in allowances. The amount so paid by the United States to the said Grace H. Smith was checked against and deducted from the current pay of the plaintiff and has never been restored to him, and he brings this suit to recover the same.
The accounting officers of the Government justify the deduction from the pay of the plaintiff upon the ground that Grace H. Smith did not bear the relationship to the plaintiff which is required by the war risk insurance act; and the act of August 9, 1921, 42 Stat. 153, is cited as sustaining the action of the accounting officers.
That act reads as follows:
“ Sec. 210. Provided, That whenever an award of allotment or allowance, or both, covering any period has been paid to, or on behalf of, a person designated by an enlisted man as beneficiary of his allotment, no recovery of the allotment paid in such cases shall hereafter be made for any reason whatsoever, and no recovery of the allowance paid in such cases shall hereafter be made for any reason whatsoever, except where it is shown that the person receiving the allowance does not hear the relationship to the enlisted man which is required hy the war risk insurance act.”
The act of October 6, 1917, provided that allowances be made to the wife of an enlisted man in the military or naval forces of the United States. It is now claimed that at the time of the allotment made by plaintiff and the allowance made by the United States said Grace H. Smith was not the wife of the plaintiff; that his marriage to her was void ah initio, and that as the plaintiff in making the allotment described her as his wife he is responsible, and that recovery can be had from him in favor of the United States of the sum paid to said Grace H. Smith in the way of allowances.
Undoubtedly the proviso in the section of the act of August 9,1921, was for the purpose of protecting the United States from fraud.
In this case the good faith of the plaintiff is not questioned. He truly believed that Grace H. Smith was his *337 lawful wife; he bore that relationship to her when he made his allotment, and the allowance made to her by the United States was made while she bore the relationship of wife to the plaintiff. She lived with,him as his wife and kept his home as such; the people among whom they lived regarded her as his wife; the ceremony of marriage had been duly performed; nothing was wanting to convince the plaintiff and the world that she was his wife. He honestly believed it. He honestly acted upon that belief. She was during all the time that his allotment was paid to her his wife, and bore that relationship to him. The purpose of'the act making allowances to families during the war was, among other things, to make the soldier and the sailor feel that their wives and children were being taken care of while they were serving their country in the field; this plaintiff believed that he had a lawful wife in his home; she was to all intents and purposes his wife, in whose good faith and honesty the plaintiff had implicit reliance; and so believing, he made the allotment for her benefit, and the allowance to her followed as a necessary consequence. By the passage of the act of August 9, 1921, Congress did not intend to penalize the soldiers and sailors who fought the battles of the country. To compel this plaintiff to pay back out of his pay the amount of the allowances paid to the woman whom he truly believed to be his wife would be to punish him for the deceit and criminality of another.
The allowance paid to Grace IT. Smith was a gratuity to the wife of the enlisted man. The plaintiff can not be required to pay back this allowance; he did not receive the money; it was not paid at his request; if the woman was not his wife, upon what ground can the plaintiff be proceeded against? The Government should have proceeded against the supposed wife. It was her conduct which caused the payment of the money to her. She got the benefit of it. She alone is responsible. The statute- upon which the Government relies says nothing about how or from whom recovery may be had. Manifestly an innocent person, one in nowise connected with the deception practiced, should not be held accountable.
*338 A -judgment will be entered for the plaintiff in the sum of $540.
GRAI-iam, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.